UNITED STATES DISTRICT
COURT EASTERN DISTRICT OF
LOUISIANA

| | | |
|---|---|---|
| DENISE A. BADGEROW, | * | Case No.: 2:17-cv-09492 |
| on behalf of herself and a class | * | |
| of those similarly situated, | * | JUDGE: JAY C. ZAINEY |
| Plaintiffs, | * | |
| v. | * | |
| | * | |
| REJ PROPERTIES, INC. D/B/A WALTERS, | * | MAGISTRATE: JOSEPH C. |
| MEYER TROSCLAIR & ASSOCIATES, | * | WILKINSON, JR. |
| AND | * | |
| AMERIPRISE FINANCIAL SERVICES, | * | |
| INC. | * | |
| | * | |
| ************************************** | * | ******************************** |

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE OF COURT TO FILE FIRST AMENDED AND SUPPLEMENTAL COMPLAINT**

MAY IT PLEASE THE COURT:

Plaintiffs, through undersigned counsel, move this Court for leave of Court to file Plaintiffs' First Amended and Supplemental Complaint ("FASC") and as grounds therefore states as follows:

*INTRODUCTION*

Plaintiff, Denise Badgerow, received an initial 90-day employment offer, her compensation, and W2 statements from REJ Properties, Inc., a Louisiana corporation ("REJ"). At the time of filing Plaintiff's Original Complaint, it was believed that REJ Properties was her employer and that REJ Properties was doing business as "Walters, Meyer, Trosclair & Associates". After significant discovery, the depositions of Walters and Meyer, testimony procured in a separate FINRA arbitration proceeding, the evidence shows that REJ Properties, Inc. was a mere instrumentality and the alter ego of its shareholders, Walters and Meyer. Walters and Meyer established REJ only to pay the payroll and expenses of the unincorporated partnership called "Walters, Meyer, Trosclair & Associates" ("WMT"). WMT advertised itself

1

on the web, on the Ameriprise website and in other media, as a private wealth advisory practices comprised of the partners, Walters, Meyer, Trosclair, approximately five Financial Advisors working underneath the partners, several Associate Financial Advisors, and support staff that was dispersed among three separate offices in Louisiana, one in Houma, one in Prairieville, and the office that Badgerow opened in Thibodeaux. WMT's business involved financial planning services including the sale of securities and the giving of financial advice to clients. WMT used Ameriprise as its Broker-Dealer because all associated persons are required to register with a Broker-Dealer pursuant to Securities Exchange Act of 1934 ("SEA"), which governs the nation's securities markets and its brokers and dealers. Walters, Meyer, and Trosclair had an unwritten agreement to pool their revenues from the earning of the Gross Dealer Concession received from their Broker-Dealer, Ameriprise. The partners used those commission funds to then fund REJ Properties, only in the amount necessary to pay expenses of WMT, so that full amount of business revenues from WMT's partnership were never deposited into the bank account of REJ Properties. This legal structure not only grossly uncapitalized REJ Properties but it is fraudulent, as it violates the SEA Section 15(a), FINRA Rule 2040, and long standing SEC No Action Letters that interpret these rules and provides that the practice of routing commissions or other transaction based compensation from a broker-dealer directly or indirectly to an unregistered entity for the benefit of the broker-dealer's registered representative does not comply with Section 15(a) of the SEA.[1]

       Amending and supplementing the complaint to add the facts discovered regarding REJ and WMT's business enterprise and the Defendant's combined legal structure is necessary and allows the court to pierce the corporate veil of two business entities that were essentially one.

---

[1] See Wolff Juall Investments, LLC: No-action Letter by the SEC dated May 17, 2005 at https://www.sec.gov/divisions/marketreg/mr-noaction/moors051705.htm; See also No-Action Request of ADP TotalSource, Inc. dated December 4, 2007 at https://www.sec.gov/divisions/marketreg/mr-noaction/2007/adptotalsource120407-15a.pdf ; See also Herbruck, Alder & Co: Denial of No-Action Letter dated May 3, 2002 at https://www.sec.gov/divisions/marketreg/mr-noaction/herbruckadler050302.htm

While it is well settled in Louisiana that a corporate entity is a distinct legal entity, separate from the individuals who comprise it,[2] the exception to this rule is when there is a justification for piercing the corporate veil. "*Under Louisiana law, the corporate veil may be pierced under the 'alter-ego' doctrine, where the corporate entity is disregarded to such an extent that the affairs of the corporation are indistinguishable from the affairs of the officer or director.*"[3]

The factors used to determine whether the corporate veil should be pierced under Louisiana's alter ego test include but are not limited to: (1) commingling of corporate and shareholder funds; (2) failure to follow statutory formalities for incorporating and transacting corporate affairs; (3) undercapitalization; (4) failure to provide separate bank accounts and bookkeeping records; and (5) failure to hold regular shareholder and director meetings.[4] The facts discovered since filing suit demonstrate that REJ was grossly undercapitalized because the all of the revenues from the WMT partnership are generated from Gross Dealer Concessions received from Ameriprise, who deposits such commissions into the individual bank accounts of Walters, Meyer and Trosclair. Walters, Meyer and Trosclair then each write a check to REJ in an amount sufficient to pay the expenses of WMT. REJ is a essentially a payroll company for WMT. The Plaintiffs should be allowed to amend their petition to add these facts and such facts allow the addition of the Defendants, Walters, Meyer, Trosclair & Associates, Walters, Meyer and Trosclair, under an alter ego theory of liability.

**PROCEDURAL HISTORY**

After her wrongful termination from REJ Properties, Inc., Badgerow commenced an

---

[2] See La. C.C. art. 24.
[3] *Tubos de Acero de Mexico, SA v. Am. Int'l Investment Corp.*, 292 F.3d 471, 478 (5th Cir. 2002) (*First Downtown Dev. v. Cimochowski,* 613 So.2d 671, 676 (La. Ct. App. 1993)).
[4] *Cargill, Inc. v. Clark*, CIVIL ACTION NO.: 14-00233-BAJ-SCR, at *12 (M.D. La. Aug. 7, 2015) citing *Benco Constr. Servs., Inc. v. AJ's Constr., LLC*, No. Civ. A. 09-cv-286, 2010 WL 724363, at *1 (M.D. La. Mar. 1, 2010); *Riggins v. Dixie Shoring Co.*, 590 So.2d 1164, 1168 (La. 1991).

3

arbitration proceeding against Walters, Meyer, Trosclair and Ameriprise for three separate claims: (i) Louisiana Whistleblower, (ii) Louisiana Unfair Trade Practices Act, and (iii) tortious interference of contract. Badgerow was unable to add REJ Properties, Inc. as a party to the FINRA arbitration because only registered entities can be added as parties, and REJ Properties, Inc. is an unregistered entity. The Panel dismissed Badgerow's claims against Walters, Meyer and Trosclair on a Motion to Dismiss in a ruling that specifically only addressed the claims as they pertained to the individuals, Walters, Meyer and Trosclair, and did not address the claims as they pertained to non-party REJ Properties, Inc. under a alter ego theory[5] Badgerow now urges that justice and fairness require that these claims against REJ Properties be heard by this court.

*AMENDING THE COMPLAINT*

1. With regards to the issue of amending a complaint, "the policy of the Federal Rules of Civil Procedure is liberal in favor of permitting amendment of pleadings, and Rule 15(a) evinces a bias in favor of granting leave to amend. Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.[6] Thus, "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), but such leave "is by no means automatic."[7] Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment."[8]

2. There is not undue delay and the Plaintiff is not in bad faith. None of the factors that may militate against granting a motion to amend is present in this case. Plaintiff moved

---

[5] See FINRA's Ruling attached as Exhibit A
[6] *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); *Leffall v. Dallas Indep. Sch. Dist.,* 28 F.3d 521, 524 (5th Cir. 1994); *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.,* 195 F.3d 765, 770 (5th Cir. 1999); *Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597-98 (5th Cir. 1981))*.
[7] *Wimm v. Jack Eckerd Corp*., 3 F.3d 137, 139 (5th Cir. 1993)
[8] *Id.* Robling at 2.

4

swiftly to file these papers once FINRA's ruling was issued.

3. The newly-alleged facts were entirely unknown at the time Plaintiffs filed their original complaint. Plaintiffs are not seeking the amendment in bad faith or with a dilatory motive. Uncovering the Defendant's unlawful business structure required significant discovery which has now been completed.

4. With regard to adding the Louisiana Unfair Trade Practices Act and the Louisiana Whistleblower Act claims against REJ Properties, Inc., the Plaintiff believed that her causes of action against REJ Properties, Inc. would be able to be addressed in the FINRA Arbitration proceeding, but the panel declined to opine on the actions of REJ Properties and never had before it a piercing the corporate veil theory.

5. Plaintiffs' proposed amendments are not futile because the new and amended causes of action are valid claims supported by sufficient factual allegations and justice and equity require REJ Properties and the other Defendants be held accountable, through piercing the corporate veil of REJ Properties.

6. The administrative termination of REJ Properties, Inc. by the Louisiana Secretary of State was only recently discovered.

7. The Fifth Circuit has stated that "the policy of the Federal Rules of Civil Procedure is liberal in favor of permitting amendment of pleadings, and Rule 15(a) evinces a bias in favor of granting leave to amend. Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial."[9]

8. Rule 15 (c)(1)(B) provides that a new claim asserted in an amended pleading relates back to the date of the original pleading when the new claim "arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading." The

---

[9] *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000).

LUTPA and Whistleblower claims arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading.

9. Under the relation back provisions of the Federal Rules of Civil Procedure, the state law claims are timely in this lawsuit. "The policies underlying the statute of limitations are implicated" in the relation-back analysis, and "amendment of a complaint is [thus] proper if the original pleading put the defendant on notice of the 'particular transaction or set of facts' that the plaintiff believes to have caused the complained of injury."[10] The test calls for the district court to "compare the original complaint with the amended complaint and decide whether the claim to be added will likely be proved by the 'same kind of evidence' offered in support of the original pleading."[11] "[T]he purpose of Rule 15(c) is to defeat the bar of statutes of limitations, and is liberally applied especially if no disadvantage will accrue to the opposing party."[12]

10. LUTPA prohibits "any unfair or deceptive acts or practices in the conduct of any trade or commerce."[13] The statute permits "any person who suffers any ascertainable loss" to recover in the case of "egregious actions involving elements of fraud, misrepresentation, deception, or other unethical conduct"[14]. The illegal payment scheme that REJ employed to pay Badgerow, allow it to skirt FINRA's jurisdiction, and the regulatory and book keeping requirements of Broker-Dealers, which require that Badgerow is to be provided with a written compensation agreement. REJ's failure to provide Badgerow with a written compensation agreement caused her significant damages and Defendants should not be entitled to profit off of their unlawful and deceptive conduct.

---

[10] *Percy v. S.F. Gen. Hosp.*, 841 F.2d 975, 979 (9th Cir. 1988).
[11] *Id.*
[12] *Rural Fire Protection Co. V. Hepp*, 366 F.2d 355, 362 (9th Cir. 1966).
[13] *Cheramie Servs. v. Shell Deepwater Prod.*, 35 So.3d 1053, 1059 (La. 2010) (quoting La. Rev. Stat. ß 51:1409(A)).
[14] *Id*. at 1060

WHEREFORE, Plaintiff requests that the Plaintiff's Motion for Leave of Court to File her First Amended and Supplemental Complaint be granted and that they be granted a jury trial.

                          Respectfully submitted,

                          /s/Stephanie Dovalina, Esq.
                          Stephanie Dovalina, Esq. (#31137)
                          Amanda J. Butler, Esq. (#31644)
                          Business Law Group
                          700 Camp St., #105
                          New Orleans, LA 70130
                          Sdovalina@lawgroup.biz
                          (504) 528-9500

                          ***Attorneys for the Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify on 8th day of January 2019, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

/s/ Stephanie Dovalina
4810-4284-7621, v. 1