IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DENISE A. BADGEROW,** | * | **CIVIL ACTION NO. 2:17-cv-09492** |
| on behalf of herself and a class of those | * | |
| similarly situated, | * | **JUDGE JAY C. ZAINEY** |
| Plaintiffs, | * | |
| v. | * | **MAG. JOSEPH C. WILKINSON, JR.** |
| | * | |
| **REJ PROPERTIES, INC. D/B/A** | * | |
| **WALTERS, MEYER, TROSCLAIR &** | * | |
| **ASSOCIATES, AND AMERIPRISE** | * | |
| **FINANCIAL SERVICES, INC.,** | * | |
| Defendants | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION FOR TAXATION OF COSTS**

Defendant, REJ Properties, Inc. d/b/a Walters, Meyer, Trosclair & Associates ("REJ"), submits this Memorandum in Support of its Motion for Taxation of Costs. For the reasons discussed below, the costs itemized in the attached Bill of Costs should be taxed against Plaintiff, Denise Badgerow ("Badgerow"). (**Exhibit A** *in globo*, Bill of Costs with Itemized Invoices.) Further, Defendant submits the affidavit of Eve Masinter in support of the Bill of Costs. (**Exhibit B**, Affidavit of E. Masinter.)

I.   **Costs Should be Awarded to Defendant as a Prevailing Party Under Federal Rule of Civil Procedure 54(d).**

Federal Rule of Civil Procedure 54(d)(1) provides in pertinent part: "unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The Fifth Circuit has held that this rule creates a strong presumption in favor of awarding costs to the prevailing party, with the burden on the unsuccessful party to show the existence of circumstances which render the award inappropriate.

1

*U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 128 (5th Cir.2015); *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir.1985). In fact, this presumption is so strong that "a district court may neither deny nor reduce a prevailing party's request for costs without first articulating some good reason for doing so." *U.S. ex rel. Long,* 807 F.3d at 128.

In this case, REJ is the prevailing party by virtue of the Judgment of this Court entered on June 3, 2019, following the Court's granting of REJ's Motion for Summary Judgment, which resulted in dismissal of all claims against REJ with prejudice. (R. Doc. 160.) REJ accordingly moves for costs pursuant to Fed. R. Civ. P. 54 and Local Rule 54.3.

## II.     The Costs Requested are Properly Taxable Against Plaintiff.

REJ seeks reimbursement for the fees for printed or electronically recorded transcripts necessarily obtained for use in the case, which can be taxed under 28 U.S.C. § 1920. These fees consist of deposition and hearing transcript costs. (*See* Exhibit A.)

### A. Deposition Transcripts of Badgerow, Walters and Meyer

A portion of the fees requested relate to the deposition transcripts of Badgerow, Plaintiff in this case, Greg Walters, her direct supervisor, and Thomas Meyer, the managing advisor of REJ. All three of these deposition transcripts were extensively cited to in the Memorandum in Support of the Motion for Summary Judgment filed by REJ and the Court's Order and Reasons granting Defendant's Motion for Summary Judgment. (R. Doc. 73-1, pp. 10-15, 20-24; R. Doc. 159, pp. 4-7, 15-16, 20, 25.) These depositions were necessary to pursue a dispositive motion and thereby obtain the Judgment of dismissal, and so this Court should grant Defendant's request to tax these transcript costs upon the Plaintiff.[1]

---

[1] The costs for Plaintiff's deposition include the video recording of the deposition, which Defendant used in preparation and drafting of the successful Motion for Summary Judgment.

The Fifth Circuit has recognized that a deposition transcript "need not be introduced into evidence at trial in order to be 'necessarily obtained for use in the case;'" rather, taxability is based on whether it was "reasonably expected to be used for trial or trial preparation." *United States ex rel. Long,* 807 F.3d at 130. This does not require use at trial or in connection with a dispositive motion, but only that taking it was "reasonably necessary in the light of the facts known to counsel at the time it was taken." *Id.* Here, these deposition transcripts are clearly taxable costs because they *were* used to a significant degree in REJ's dispositive motion and this Court's Order and Reasons.

### B. FINRA Arbitration Hearing Transcripts

These fees also include two FINRA Arbitration hearing transcripts from the related arbitration proceeding brought by Plaintiff. These FINRA transcripts were referenced at length in the Motion for Summary Judgment and other dispositive motions necessary for the rendering of the Judgment of dismissal. (R. Doc. 73-1, pp. 10, 12, 13, 31-33, 38; R. Doc. 76, pp. 6, 10, 11, 14, 29; R. Doc. 135 pp. 11, 12). Moreover, this Court cited to the August 27, 2018 FINRA Arbitration hearing transcript in its Order and Reasons granting the Motion for Summary Judgment. (R. Doc. 159, p. 29.) Thus, these FINRA hearing transcripts were necessarily obtained for use in dispositive motions and for general litigation purposes and thus are taxable on the Plaintiff. *See Long,* 807 F.3d at 130 (affirming the district court's taxing of costs for hearing transcripts used in the case).

### C. Transcript of Hearing on Motion for Leave to Amend

As part of the request to tax costs, Defendant includes the fees for a transcript of a pretrial hearing before this Court on February 13, 2019 regarding Plaintiff's first attempt to moot Defendant's Motion for Summary Judgment by filing a Motion for Leave to File an Amended and Supplemental Complaint ("Motion for Leave to Amend"). (R. Doc. 68.) After this hearing,

rather than follow the Court's oral orders issued at the hearing, Plaintiff filed a new Motion for Leave to Amend which attempted to add new parties and facts to her Complaint. (R. Doc. 122.) Obtaining this hearing transcript was necessary for the Judgment of dismissal because it was used to defeat Plaintiff's second Motion for Leave to Amend and to ensure Plaintiff's compliance with this Court's orders regarding future proceedings had the Motion for Summary Judgment been decided differently.

The February 13, 2019 hearing transcript regarding Plaintiff's first Motion for Leave to Amend was used extensively to prevent Plaintiff's procedurally improper and untimely second Motion for Leave to Amend and ensure that the claims in the Motion for Summary Judgment remained the only claims before the Court. (R. Doc. 135, pp. 11, 16.)  Had the second Motion for Leave to Amend been granted, the Court would have spent more judicial resources and the parties would have spent more time and money defending claims that should not be in the case, as recognized by Magistrate Judge Wilkinson's Order and Reasons denying the additional claims requested in the Motion for Leave to Amend. (R. Doc. 148.)

In Your Honor's Order and Reasons granting the Motion for Summary Judgment, this Court directly addressed Plaintiff's efforts to amend the Complaint and recognized that amending her Complaint would do nothing but increase litigation costs. (R. Doc. 159, p. 2.) This Court directly recognized the need for denying the amended claims to decrease the litigation costs in this case, demonstrating that the first hearing transcript was necessary to limit her claims and achieve dismissal of the case as to REJ.  Therefore, this transcript was necessarily obtained for use in the case and its cost is validly taxed to Plaintiff.[2]

---

[2] The hearing transcript regarding the second Motion for Leave to Amend, held on April 17, 2019, is arguably taxable to Plaintiff as well because it was necessary as direct evidence of Plaintiff's blatant attempt at forum shopping and voluntary dismissal of her class claim. Plaintiff filed a state court suit alleging the same claims she attempted to add to her Federal Complaint, because she knew that the amendment would be denied. (R. Doc. 152, p.

4

### III.     Conclusion

Based on the reasons provided, the costs itemized in Defendant's Bill of Costs should be taxed against Plaintiffs, payable to Defendant as the prevailing party in this matter.

Respectfully submitted:

**BREAZEALE, SACHSE & WILSON, L.L.P.**

By:  */s/ Eve B. Masinter*
E. FREDRICK PREIS, JR. (LA BAR #10704)
EVE B. MASINTER (LA BAR #1218), T.A.
CLAUDE F. REYNAUD, JR. (LA BAR #11197)
MATTHEW M. MCCLUER (LA BAR #33970)
First Bank & Trust Tower, Suite 1500
909 Poydras Street
New Orleans, LA 70112-4004
Telephone: (504) 619-1800
Fax: (504) 617-7928
Email: Fred.Preis@bswllp.com
Email: Eve.Masinter@bswllp.com
Email: Claude.Reynaud@bswllp.com
Email: Matthew.McCluer@bswllp.com
*Attorneys for REJ Properties, Inc. d/b/a Walters, Meyer, Trosclair & Associates*

---

5.) Nevertheless, in order to present the most objectively reasonable bill of costs, Defendants are not requesting the costs for the second hearing in this Motion.