UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DENISE A. BADGEROW                          CIVIL ACTION

VERSUS                                      NO: 17-9492

REJ PROPERTIES, INC., ET AL.                SECTION: "A" (2)


## ORDER AND REASONS

The following motions are before the Court: **Motion for New Trial or Relief From Judgment (Rec. Doc. 163)** filed by Plaintiff, Denise A. Badgerow; **Motion to Strike Supplemental Expert Report (Rec. Doc. 173)** filed by defendant REJ Properties, Inc. d/b/a Walters, Meyer, Trosclair & Associates ("WMT" or "Defendant"). Both motions are opposed. The motions, noticed for submission on July 10, 2019, and July 24, 2019, respectively, are before the Court on the briefs without oral argument.[1]

On June 3, 2019, the Court entered a final judgment dismissing Badgerow's employment-related claims against WMT with prejudice. (Rec. Doc. 160). The judgment was based on the Court's determination that WMT's motion for summary judgment should be granted as to all of Badgerow's claims against WMT, her former employer. (Rec. Doc. 159).[2]

---

[1] WMT moved for expedited consideration of its motion to strike so that it would be heard on the same day as Badgerow's motion for new trial. (Rec. Doc. 174, Motion to Expedite). Rather than expedite consideration of the motion to strike, which would have forced Badgerow to file an opposition about two weeks early and possibly cause hardship for her counsel during the Fourth of July holiday, the Court opted to take up both motions on the latter submission date of July 24, 2019.

[2] Throughout this Order and Reasons the Court will assume the reader's familiarity with the

Badgerow now moves for reconsideration of the adverse summary judgment ruling and relief from the resulting final judgment pursuant to Rules 59 and 60. And should the Court not be inclined to revisit its determination that judgment as a matter of law was appropriate on the prior record, Badgerow moves to reopen discovery in order to depose Evan Weibel, Kylie Kern, and Demetria Perry. Badgerow contends that the depositions of these witnesses would be essential to defeating summary judgment, and Badgerow attributes her inability to properly oppose summary judgment to the Court's order staying all discovery pending the ruling on the motion for summary judgment. (Rec. Doc. 123).

Moreover, well after this Court entered its reasons for summary judgment and final judgment on May 29, 2019, and June 3, 2019, respectively, Badgerow obtained a supplemental accounting expert report (dated June 13, 2019). This supplemental report was filed as an exhibit to Badgerow's motion for reconsideration, and it forms the basis of WMT's motion to strike.

The Court begins with the accounting report that Badgerow obtained on June 13, 2019—which was 15 days after the Court entered its Order and Reasons granting summary judgment and 10 days after the Court entered a final judgment in favor of WMT—and produced for the first time as an attachment to the motion for reconsideration that she filed on June 14, 2019. (Rec. Doc. 163-3). Badgerow

---

prior opinions entered in both this case and in the related action, 19-10353.

Further, two separate final judgments were entered in this case—one in favor of REJ Properties, Inc. d/b/a Walters, Meyer, Trosclair & Associates (Rec. Doc. 160), and one in favor of Ameriprise Financial Services, Inc. (Rec. Doc. 166). The motions addressed in this Order and Reasons pertain only to the judgment entered in favor of REJ Properties, Inc. d/b/a Walters, Meyer, Trosclair & Associates.

commissioned this report to specifically address a deficiency that the Court identified in her opposition evidence. (Rec. Doc. 159, Order and Reasons at 25). The report is not based on new evidence and it is grossly untimely.

Pursuant to the original scheduling order entered in this case Badgerow's expert report deadline was set for July 11, 2018. (Rec. Doc. 24, Scheduling Order). No expert reports were produced on that date and the colloquy between counsel captured on the record that day during Badgerow's deposition casts doubt on whether Badgerow would even retain a damages expert. (Rec. Doc. 59, Opposition at 1-5). In lieu of timely producing her expert reports on July 11, 2018, Badgerow filed a contested motion to extend the deadline. (Rec. Doc. 56). Over Defendant's objection the Court granted Badgerow an extension until August 8, 2018 to produce her expert reports, which was the full length of the extension that she had requested. (Rec. Doc. 60). On August 29, 2018, the parties jointly moved to be relieved of the remaining pretrial deadlines but Badgerow's expert report deadline had already expired. (Rec. Doc. 61). As such, even ignoring that Badgerow's report is nothing more than an improper attempt to rebut this Court's reasons for judgment, it is untimely nonetheless by about 10 months.

Badgerow has not demonstrated any justification for the extraordinary relief that she seeks. Rule 59 motions for new trial cannot be used to present evidence or arguments that should have been presented earlier in the proceedings. *See Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). None of the factors that could militate in favor of accepting untimely evidence benefit Badgerow. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 482 (5th Cir. 2004) (Dennis, J., dissenting). Defendant's motion to

strike the untimely and improper report is granted.[3]

Next, Badgerow contends that she was unable to properly oppose the motion for summary judgment because the Court prohibited her from conducting necessary discovery—discovery that the magistrate judge previously had concluded was relevant.

This lawsuit was filed in September 2017, and every claim that was challenged in Defendants' motion for summary judgment was part of the original complaint. When the scheduling order was entered, the discovery cutoff date was set for September 11, 2018, which was about ten months from the date when the scheduling conference was held. (Rec. Doc. 24). By consent of the parties the Court agreed to extend the discovery cutoff date to October 5, 2018. (Rec. Doc. 60). On August 30, 2018, the Court granted the parties' joint motion to stay all pretrial deadlines pending the outcome of a mediation. (Rec. Doc. 62, Order). While this order relieved the parties of the governing discovery deadline while they attempted to mediate the case, contrary to Badgerow's suggestion, this order did not enjoin discovery.[4] In fact, it was not until March 28, 2019,

---

[3] Throughout Badgerow's post-judgment briefing she attempts to raise a specter of unfairness by suggesting that she did not know that former employee Evan Weibel was paid a base salary at WMT until she received certain discovery responses from WMT after the deadline to file her opposition to the motion for summary judgment. Statements made in Badgerow's opposition to the motion for summary judgment belie the suggestion that Badgerow learned of the base salary only after she filed her opposition. (Rec. Doc. 130, Opposition at 25, 26). Moreover, Badgerow filed her opposition on April 2, 2019 (in the interest of justice the Court overlooked that the opposition was untimely because it was filed in flagrant disregard of this Court's scheduling deadline (Rec. Doc. 110)), yet the Court did not grant summary judgment until May 29, 2019. If Badgerow had actually received new relevant evidence after she filed her opposition (which she did not), she had ample time to move to supplement her opposition so that her evidence could be considered.

[4] In fact, at an April 17, 2019 hearing before the magistrate judge, defense counsel correctly explained to the judge that the stay associated with the joint motion was not one that enjoined the parties from doing anything, whether conducting discovery or filing dispositive motions. (Rec. Doc. 158, Transcript at 14).

nearly 7 months after the order on the joint motion was entered, that the Court actually stepped in to stay all discovery in this case. (Rec. Doc. 123, Order).

Badgerow's claims of prejudice in conjunction with the March 28, 2019 stay are stripped of all credibility when one considers the facts surrounding that stay. On January 24, 2019, Defendant filed its motion for summary judgment on all claims alleged in the original complaint. (Rec. Doc. 73). Under the Local Rules of this district Badgerow's opposition was due to be filed on February 12, 2019. On February 7, 2019, Badgerow moved to continue the submission date. (Rec. Doc. 84). The basis of Badgerow's motion to continue the motion for summary judgment was that discovery was ongoing and therefore the motion for summary judgment was premature. Of course, a motion for summary judgment is not premature simply because discovery is ongoing so it was incumbent upon Badgerow to identify the specific additional discovery that she needed to oppose the motion. The only discovery mentioned in Badgerow's motion to continue are the depositions of Ray Trosclair, Kylie Kern, and a 30(b)(6) designee, depositions that Badgerow noticed and served on Defendant on the same day that she moved to continue Defendant's motion for summary judgment, and depositions that she failed to tether in any way to the issues she was called upon to defend in conjunction with the motion for summary judgment. Evan Weibel, who plays so prominently in Badgerow's motion for reconsideration, and Demetria Perry are not even mentioned in the motion to continue. It appears to the Court that Badgerow had been seeking that discovery not to oppose summary judgment but rather in conjunction with

new claims that she had hoped to assert via an amended complaint.[5]

When the Court ultimately denied Badgerow's motion to continue the submission date, it had by that point a firm grasp on the issues in this case, having reviewed Defendant's pending motion for summary judgment, in addition to the entirety of Badgerow's discovery deposition, which the Court specifically ordered Defendant to produce. (Rec. Doc. 72, 110). Badgerow fails to acknowledge that she was relieved from having to file an opposition to Defendant's motion for summary judgment for over a month while the Court studied the record to determine if her motion to continue should be granted over Defendant's objection. (Rec. Doc. 88). When the Court denied her motion to continue the Court generously set her opposition deadline for March 29, 2019, in order to give her counsel ample time to file the opposition (which was ultimately untimely). In all Badgerow had the benefit of studying Defendant's motion for summary judgment a full two months before her opposition became due. To this day the Court remains at a loss to understand how the depositions of any of the cited witnesses would have aided Badgerow in defeating summary judgment on the issues that ultimately proved fatal to her case.

Further, when the Court granted Defendant's motion to stay discovery on March 28, 2019 (Rec. Doc. 123), the Court specifically stated in its order that "[i]f Plaintiff is

---

[5] The lack of a nexus between the discovery that Badgerow was seeking and the adverse ruling on summary judgment is demonstrated by Badgerow's own opposition to the motion for summary judgment. In that memorandum Badgerow explained that Kylie Kern's deposition was necessary in order to determine whether WMT was a covered employer for purposes of the LEDL. (Rec. Doc. 130, Opposition at 7). This issue was determined to be moot and did not form a basis for the ruling on summary judgment. Badgerow also explained in the opposition that the depositions were necessary to establish whether any of the principals of WMT employed anyone and whether Trosclair should be counted as an employee, again going to the moot issue of covered employer status. (*Id*. at 10).

persuaded that the additional discovery she seeks will affect the outcome of the motion for summary judgment ***then she can argue that in her opposition*** . . . ." (Rec. Doc. 123) (emphasis added). But the only references to additional discovery mentioned in the opposition pertain to irrelevant issues (see note 5 above). And again, additional discovery with respect to Weibel is not mentioned in the opposition. Badgerow's efforts to blame Defendant or the Court for her own lack of diligence with respect to discovery and to covering the appropriate issues in her opposition are disingenuous.[6]

As to the Title VII claim for gender discrimination in pay and the Equal Pay Act claim, Badgerow's arguments that now single Evan Weibel out as the appropriate comparator constitute nothing more than a post-judgment litigation strategy course correction, and otherwise lack merit.[7] Badgerow knew when she filed her opposition that Evan Weibel was receiving a base salary yet he is mentioned only once in the opposition. Badgerow also understood from the inception of this case that appropriate male comparators were essential to her disparate pay claims yet she devoted a significant amount of her litigation strategy to comparing herself to senior male employees to whom she was not similarly situated. (Rec. Doc. 159, Order and Reasons at

---

[6] Another point raised in Badgerow's motion for reconsideration that merits debunking is her contention that this Court's order staying discovery was in "direct contravention" of an earlier order issued by the magistrate judge. (Rec. Doc. 104). Determining that a motion to quash should be denied because the testimony of Kylie Kern, Ray Trosclair, and a corporate representative would not necessarily be duplicative and may provide relevant follow-up is not the same as determining that the testimony is necessary for purposes of opposing summary judgment or even relevant to any issue presented in the motion. (Rec. Doc. 104, Magistrate Judge's Order on Motion).

[7] To be clear, the Court is by no means suggesting that Badgerow might have obtained a more favorable result with a different litigation strategy. Badgerow's excellent attorneys have been fierce advocates on her behalf. But simply, the evidence is what it is (or is not, as the case may be).

20 n.19). In her opposition she did not establish that she and Weibel were similarly situated in terms of work duties, and this showing was essential because the evidence in the case demonstrated that the AFAs at WMT did not necessarily share the same duties and responsibilities. And as Defendant has pointed out, none of the male AFAs who were hired after Badgerow received a base salary. Thus, other differences aside, Weibel was treated differently than both male and female employees in terms of his base salary structure.[8]

As to the claims for hostile work environment and retaliation, the Court denies Badgerow's motion for reconsideration. Those claims lack merit for the reasons that the Court provided in its Order and Reasons granting summary judgment and Badgerow has demonstrated no basis to revisit those rulings.

For all of the foregoing reasons Badgerow's motion for new trial and relief from judgment is denied.

Accordingly;

**IT IS ORDERED** that the **Motion for New Trial or Relief From Judgment (Rec. Doc. 163)** filed by Plaintiff, Denise A. Badgerow is **DENIED.**

**IT IS FURTHER ORDERED** that the **Motion to Strike Supplemental Expert Report (Rec. Doc. 173)** filed by defendant REJ Properties, Inc. d/b/a Walters, Meyer, Trosclair & Associates is **GRANTED.**

**IT IS FURTHER ORDERED** that the **Motion to Expedite (Rec. Doc. 174)**

---

[8] Of course, Badgerow continues to ignore the most significant difference between herself and Weibel. Weibel was given a small base salary (approximately $11.00 per hour) but he did not have the significant and lucrative book of business that Greg Walters gave to Badgerow so that she could earn sizable commissions. Neither Weibel nor the other non-senior male AFAs had this advantage.

filed by defendant REJ Properties, Inc. d/b/a Walters, Meyer, Trosclair & Associates is

**MOOT.**

**IT IS FURTHER ORDERED** that the **Motion for Leave to File a Surreply (Rec. Doc. 181)** filed by Plaintiff, Denise A. Badgerow is **DENIED.**

July 24, 2019

_____

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE
