UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DENISE A. BADGEROW | CIVIL ACTION |
| VERSUS | NO: 17-9492 |
| REJ PROPERTIES, INC., ET AL. | SECTION: "A" (2) |

## ORDER AND REASONS

The following motion is before the Court: **Motion to Recover Attorney's Fees (Rec. Doc. 164)** filed by defendant REJ Properties, Inc. d/b/a Walters, Meyer, Trosclair & Associates ("WMT" or "Defendant"). Plaintiff, Denise A. Badgerow, opposes the motion. The motion, noticed for submission on July 10, 2019, is before the Court on the briefs without oral argument.

On June 3, 2019, the Court entered a final judgment dismissing Badgerow's employment-related claims against WMT with prejudice. (Rec. Doc. 160). The judgment was based on the Court's determination that WMT's motion for summary judgment should be granted as to all of Badgerow's claims against WMT, her former employer. (Rec. Doc. 159). On July 24, 2019, the Court denied Badgerow's motion for reconsideration.[1]

WMT now moves the Court for an attorney fee award of $132,867.50 incurred in defending Badgerow's suit, an action that WMT characterizes as frivolous.

---

[1] Throughout this Order and Reasons the Court will assume the reader's familiarity with the prior opinions entered in both this case and in the related action, 19-10353.

The district court may award attorney's fees to a prevailing defendant in a Title VII employment discrimination case. *CRST Van Expedited, Inc. v. EEOC*, 136 S. Ct. 1642, 1646 (2016) (citing 42 U.S.C. § 2000e-5(k)). When a defendant is the prevailing party on a civil rights claim, the district court may award attorney's fees if the plaintiff's claim was "frivolous, unreasonable, or groundless," or "if the plaintiff continued to litigate after it clearly became so." *Id.* (quoting *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)). On the one hand, attorney's fees are not to be awarded simply because the plaintiff lost her case. *See Christianburg*, 434 U.S. at 421. But on the other hand, proof of subjective bad faith on the part of the plaintiff is not required. *Id.* When considering whether a suit is frivolous a district court should look to factors such as whether the plaintiff established a prima facie case, whether the defendant offered to settle, and whether the court held a full trial. *Myers v. City of West Monroe*, 211 F.3d 289, 292 (5th Cir. 2000) (citing *United States v. Mississippi*, 921 F.2d 604, 609 (5th Cir. 1991)). Even if only a subset of the claims was frivolous, the trial court has discretion to award fees on that subset. *Provensal v. Gaspard*, 524 Fed. Appx. 974, 977 n.2 (5th Cir. 2013) (unpublished) (citing *Fox v. Vice*, 563 U.S. 826 (2011)).

Defendant was the prevailing party in this case as to all claims. Although all of Badgerow's discrimination claims lacked merit and were ultimately dismissed on summary judgment, the Court can only characterize a single aspect of the claims as being frivolous and groundless (although Defendant has made persuasive arguments as to why Badgerow knew from the start that she could not prove that the hostility at the office was gender related), that being the class allegations for Title VII disparate treatment claim. As the Court explained in its Order and Reasons, the class claims were

grounded on Badgerow's contention that female employees at WMT were not given the opportunity to become "client-facing" AFAs. (Rec. Doc. 159 at 4 n.5). Discovery revealed that this contention was false because other females *were* given the opportunity to become client-facing AFAs but declined it. A claim is not frivolous or groundless simply because decisive facts emerge during discovery. *See Christianburg*, 434 U.S. at 422. But Badgerow herself was never a member of the purported class because she *was* a client-facing AFA. Even assuming that Defendant could identify from its billing records how much time was devoted solely to defending the class aspect of the Title VII claim (as opposed to the hostile work environment claim which was not alleged to be class-based), the Court is not persuaded that an attorney fee award is appropriate.

That said, one factor in determining whether the defense should be awarded attorney's fees is whether the plaintiff continued to litigate after the claims clearly became groundless. Defendant filed its motion for attorney's fees shortly after Badgerow filed her motion for reconsideration on the discrimination claims and before the Court issued its reasons denying that motion. (Rec. Doc. 182). While the Court is not convinced that Badgerow's Title VII discrimination claims were so frivolous and groundless so as to support a fee award for Defendant, the Court is less optimistic regarding the groundless positions that Badgerow took in the motion for reconsideration, including production of a grossly untimely expert report that forced Defendant to incur additional expense in moving to strike it. The Court notes that Defendant has now moved to supplement its fee request in order to recover attorney's fees in conjunction with Badgerow's motion to reconsider. That motion will be

submitted on September 4, 2019.[2]  (Rec. Doc. 186).

Accordingly;

**IT IS ORDERED** that the **Motion to Recover Attorney's Fees (Rec. Doc. 164)** filed by defendant REJ Properties, Inc. d/b/a Walters, Meyer, Trosclair & Associates is **DENIED**.

August 13, 2019

> JAY C. ZAINEY
> UNITED STATES DISTRICT JUDGE

---

[2] The Court finds the rates requested by counsel to be reasonable ($300 per hour for each partner and $190 per hour for the associate) but the Court will not include paralegal time in an award.