UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DENISE A. BADGEROW                           CIVIL ACTION

VERSUS                                       NO: 17-9492

REJ PROPERTIES, INC., ET AL.                 SECTION: "A" (2)

## ORDER AND REASONS

The following motions are before the Court: **Motion to Enforce Judgment for Costs and Motion for Contempt and Sanctions (Rec. Doc. 214)** filed by defendant REJ Properties, Inc. d/b/a Walters, Meyer, Trosclair & Associates ("WMT" or "Defendant"); **Cross Motion for Award of Costs (Rec. Doc. 215)** filed by plaintiff Denise A. Badgerow. Both motions are opposed. The motions, submitted for consideration on January 20, 2021, are before the Court on the briefs without oral argument.

On June 3, 2019, the Court entered a final judgment dismissing Badgerow's employment-related claims against WMT with prejudice. (Rec. Doc. 160). The judgment was based on the Court's determination that WMT's motion for summary judgment should be granted as to all of Badgerow's claims against WMT, her former employer. (Rec. Doc. 159, Order and Reasons granting summary judgment on all claims). On July 24, 2019, the Court denied Badgerow's motion for reconsideration.[1] (Rec. Doc. 182).

---

[1] Throughout this Order and Reasons the Court will assume the reader's familiarity with the prior opinions entered in both this case and in the related action, 19-10353.

WMT was the prevailing party and therefore entitled to costs pursuant to Federal Rule of Civil Procedure 54(d)(1). WMT filed a bill of costs, and on August 8, 2019, the Clerk taxed costs in the amount of $10,210.55.[2] (Rec. Doc. 187, Bill of Costs).

Badgerow filed a notice of appeal with respect to the adverse judgment (Rec. Doc. 183) and a notice of appeal with respect to the bill of costs (Rec. Doc. 189). The docket sheet for the court of appeals reflects that the two appeals (19-30584 and 19-30687) were consolidated pursuant to Badgerow's motion.

On September 11, 2020, the Fifth Circuit entered its opinion and judgment affirming in part and reversing/vacating in part this Court's final judgment on the Title VII employment discrimination claims. The sole aspect of the case that was reversed and remanded for further proceedings was Badgerow's Title VII retaliation claim. (Rec. Doc. 205-1, Opinion at 16). The judgment was issued as the mandate of the court of appeals and filed with the Clerk of this district on October 5, 2020. (Rec. Doc. 205). The Fifth Circuit's judgment includes the following paragraph: "IT IS FURTHER ORDERED that [WMT] pay to [Badgerow] the costs on appeal to be taxed by the Clerk of this Court." (Rec. Doc. 205). The Fifth Circuit's opinion does not mention, however, the $10,210.55 cost award that was the subject of appeal no. 19-30687 in the consolidation.

This Court has reviewed the Fifth Circuit's docket report for Badgerow's consolidated appeals at the Fifth Circuit. The court of appeals docket does not include a bill of costs filed with the clerk of that court.

---

[2] The district court may award attorney's fees to a prevailing defendant in a Title VII employment discrimination case. WMT moved the Court to award $132,867.50 incurred in defending Badgerow's suit but the Court denied that motion. (Rec. Doc. 188).

Via its motion to enforce, WMT seeks to have this Court order Badgerow to pay the $10,210.55 cost award, and to impose monetary sanctions on Badgerow and her counsel for their recalcitrance in thus far refusing to pay the award and allegedly misleading WMT about whether they intended to honor the award. WMT's position is that Badgerow waived the issue on appeal by failing to brief it, and that because the court of appeal's judgment did not expressly annul the award, it remains enforceable and final. According to WMT, Badgerow must pay the cost award and she must pay it now.

In opposition, Badgerow has filed a cross motion for an award of costs in which she essentially seeks to offset the $10,210.55 cost award with the cost award included in the Fifth Circuit's judgment.

This Court is persuaded that both motions should be denied. The Court recognizes that WMT received significant relief from this Court, most of which was affirmed on appeal, and that a party need not prevail on all issues to justify an award of costs. *See Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 131 (5th Cir. 1983). But if the Court had denied WMT's motion for summary judgment on the Title VII retaliation claim in 2019, which the Fifth Circuit held would have been the correct course of action, then WMT would not have been entitled to an award of costs based on what would have been an interlocutory order granting in part and denying in part summary judgment. WMT would only have been entitled to such an award if the retaliation claim had proceeded to trial and Badgerow had lost on the retaliation claim, in which case WMT would have been the undisputed prevailing party entitled to costs. But if Badgerow had prevailed on the retaliation claim at trial in 2019, the Court would

have been hard pressed to deny her prevailing party status for purposes of Rule 54(d)(1), notwithstanding WMT's significant success in conjunction with its motion for summary judgment. Rule 54(d)(1) refers to "prevailing party" in the singular—its not a shared role and this Court is persuaded that it does not become a shared role entitling more than one party to costs simply because it was necessary to correct an error on appeal. The case must be viewed as a whole to determine who is the prevailing party, *Eastman Kodak*, 713 F.2d at 131, and the Court is persuaded that this determination cannot be made until after the jury renders its verdict on the retaliation claim.

That said, the Court recognizes that the Fifth Circuit was not express in either annulling the award or in declaring it waived for failing to brief it even though Badgerow filed a separate notice of appeal to challenge the cost award. But the Court notes that district courts in this circuit generally find that when a district court judgment is reversed or substantially modified on appeal, any costs awarded to the previously prevailing party are automatically vacated. *See, e.g.*, *Segner v. Ruthven Oil & Gas, LLC*, No. 12-CV-1318-B, 2020 WL 230617, at *2 (N.D. Tex. Jan. 14, 2020); *Galaviz v. Post-Newsweek Stations*, No. SA-08CV305, 2010 WL 1904334, at *1 (W.D. Tex. May 11, 2010) (citing *Furman v. Cirrito*, 782 F.2d 353, 355 (2nd Cir. 1986)). The Court is persuaded that the relief that Badgerow obtained on appeal constitutes a substantial modification of this Court's 2019 final judgment. Thus, the Court will not enforce the cost award at this time much less sanction Badgerow for refusing to pay it. If WMT remains the prevailing party in this matter after the jury returns a verdict on the retaliation claim then WMT will be entitled to all of its costs (except the costs on appeal which were taxed in favor of Badgerow) not just the $10,210.55 bill of costs taxed in

2019. But if Badgerow prevails at trial on the retaliation claim, she will surely claim prevailing party status and then file her own bill of costs. In short, WMT's motion to enforce is premature and is therefore denied.

Badgerow's cross motion is not premature but it is likewise denied. Federal Rule of Appellate Procedure 39(a)(4) applies when a judgment is affirmed in part, reversed in part, modified, or vacated and that rule instructs that in such a situation costs are taxed only as the court orders. The "court" referred to in that rule is the court of appeals not the district court. The Fifth Circuit expressly stated that the costs on appeal were to be taxed by the clerk of that court, and pursuant to Fifth Circuit Rule 39.3, the clerk must receive the bill of costs within the times set for in Federal Rule of Appellate Procedure 39(d), which imposes a deadline of fourteen days from entry of judgment. The Fifth Circuit filed its judgment on September 11, 2020, but Badgerow never filed a bill of costs with the Fifth Circuit's clerk. Therefore, Badgerow waived her right to those appeal costs. So if WMT is ultimately the prevailing party in this case, Badgerow cannot look to the Fifth Circuit's award of costs to offset what she owes.

Federal Rule of Appellate Procedure 39(e) identifies a narrow category of appeal costs that can be taxed at the district court level. Pursuant to the law in this circuit, Badgerow could have filed a motion for those appeal costs with this Court notwithstanding the decretal language in the Fifth Circuit's judgment. *See In re Sioux Ltd.*, No. 87-6167, 1991 WL 182578 (5th Cir. Mar. 4, 1991) (recently identified as controlling in *City of San Antonio v. Hotels.com, L.P.*, 959 F.3d 159, 166-67 & n.3 (5th Cir. 2020)). Badgerow did not file with the district court clerk, however, a timely motion to tax costs pursuant to Local Rule 54.3. Therefore, Badgerow waived her right to those

appeal costs. So if WMT is ultimately the prevailing party in this case, Badgerow cannot look to the FRAP 39(e) costs to offset what she owes.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Enforce Judgment for Costs and Motion for Contempt and Sanctions (Rec. Doc. 214)** filed by defendant REJ Properties, Inc. d/b/a Walters, Meyer, Trosclair & Associates is **DENIED <u>without prejudice</u>**.

**IT IS FURTHER ORDERED** that the **Cross Motion for Award of Costs (Rec. Doc. 215)** filed by plaintiff Denise A. Badgerow is **DENIED <u>with</u> prejudice**.

February 2, 2021

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE